Filed 9/11/25  P. v. Galarza CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G064265 |
| v. | (Super. Ct. No. 08CF0137) |
| DAMIEN L. GALARZA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Lewis W. Clapp, Judge. Affirmed.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent..

\*          \*          \*

A jury convicted defendant Damien L. Galarza of one count of first degree murder (Pen. Code, § 187, subd. (a))[1] and one count of street terrorism (§ 186.22, subd. (a)). The jury found true two special circumstance allegations: lying in wait (§ 190.2, subd. (a)(15)) and murder committed to further the activities of a criminal street gang (§ 190.2, subd. (a)(22)). The jury also found true that the murder was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)) and that defendant had vicariously discharged a firearm causing death (§ 12022.53, subds. (d) & (e)(1)).

The court sentenced defendant to a state prison term of life without the possibility of parole for the murder conviction, plus a concurrent term of 25 years for the firearm enhancement. The court also imposed, but stayed, the following: 10 years for the gang enhancement and two years for the street terrorism conviction.

In 2021, defendant filed a petition for resentencing under former section 1170.95 (now § 1172.6).[2] The trial court summarily denied the petition. It held defendant was ineligible for relief because the jury's special circumstance findings necessarily established defendant acted with the intent to kill. The court also emphasized the jury never received any instructions on the natural and probable consequences doctrine. Defendant appealed, and his appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

---

[1] All further statutory references are to the Penal Code.

[2] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)

2

Another panel of this court affirmed the trial court's order. (*People v. Galarza* (Jan. 19, 2023, G061333) [nonpub. opn.].) The court held the jury's true finding on the lying in wait special circumstance established the jurors found defendant acted with the intent to kill. (*Ibid.*) The court also found no other viable issues for defendant to argue on appeal. (*Ibid.*)

In 2023, defendant filed another petition for resentencing under former section 1170.95. The trial court again denied the petition. Defendant filed a timely notice of appeal.

Appointed counsel indicates he has found no arguable issues. Consistent with *Anders v. California* (1967) 386 U.S. 738, appointed counsel has identified two issues to assist in our independent review: (1) whether the trial court correctly determined the issues had been previously litigated; and (2) whether a true finding on the lying in wait special circumstance precluded a finding that defendant was convicted under a theory of imputed malice. Defendant was given the opportunity to file written argument on his own behalf and has done so. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 231–232.) The issues defendant raises are described below.

We have examined the entire record and have not found an arguable issue on appeal. Accordingly, we affirm the postjudgment order.

FACTS

In December 2023, defendant filed the operative petition for resentencing and averred: "1. A complaint, information, or indictment was filed against me that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] 2a. At trial, I was convicted of 1st or 2nd degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine; [¶] 3. I could not now be convicted of 1st or 2nd degree murder

3

because of changes made to [sections] 188 and 189, effective January 1, 2019."

In a statement of decision, the court concluded defendant's petition was barred by collateral estoppel because defendant's eligibility for resentencing had already been litigated and decided. Even if the petition was not procedurally barred, the court held defendant remained ineligible as a matter of law. The court emphasized the jury had been instructed with CALCRIM No. 728, which required a finding that defendant intended to kill and committed the murder by means of lying in wait. Given these instructions and the jury's true finding on the lying in wait special circumstance, the court found defendant could not have been convicted under an imputed malice theory.

## DISCUSSION

Relief under section 1172.6 is restricted to those convicted of murder "under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . ." (*Id.*, subd. (a)(1).) "A petitioner is ineligible for resentencing as a matter of law if the record of conviction conclusively establishes, with no factfinding, weighing of evidence, or credibility determinations, that (1) the petitioner was the actual killer, or (2) the petitioner was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree, (3) the petitioner was a major participant in the underlying felony and acted with reckless indifference to human life, or (4) the petitioner acted with malice aforethought that was not imputed based solely on participation in a crime." (*People v. Lopez* (2022) 78 Cal.App.5th 1,

4

14.) In determining whether the petitioner has made a prima facie case for relief under section 1172.6, the trial court may rely on the record of conviction. (*People v. Lewis* (2021) 11 Cal.5th 952, 970–971.)

As relevant here, collateral estoppel bars relitigation of issues previously decided if certain requirements are satisfied. (*People v. Curiel* (2023) 15 Cal.5th 433, 451 (*Curiel*).) "'First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.'"" (*Id.* at pp. 451–452.)

Here, the trial court correctly held defendant's second resentencing petition was barred by collateral estoppel. The issue—eligibility for resentencing under section 1172.6—was already litigated and decided in connection with his first petition. As noted *ante*, the trial court denied the first petition, and another panel of this court affirmed the court's denial. Because defendant was the same party in both proceedings, all elements of collateral estoppel are met.

In his supplemental brief, defendant contends the trial court violated his rights to equal protection and due process by denying his petition without addressing *Curiel*. According to defendant, his case is materially indistinguishable from *Curiel*. We disagree. Unlike the gang-murder special circumstance at issue in *Curiel*, the lying in wait special circumstance in this case required a finding that defendant intended to kill and committed the murder by means of lying in wait. (CALCRIM No. 728.) The jury's true

5

finding on this allegation established a valid theory of first degree murder independent of any doctrine of imputed malice.

Defendant also argues his appellate counsel rendered ineffective assistance of counsel because he "filed a brief that placed the burden of arguing the . . . issues on [defendant]." Not so. In an appeal from the denial of a section 1172.6 petition, appointed appellate counsel may notify the court that no arguable issues exist and should include a recitation of the facts bearing on the denial of the petition. (*People v. Delgadillo, supra,* 14 Cal.5th 216, 231–232.) Defendant's appointed counsel complied with this procedure.

DISPOSITION

The postjudgment order is affirmed.



SANCHEZ, J.

WE CONCUR:


MOTOIKE, ACTING P. J.


DELANEY, J.

6